UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA PROTECTION AND ADVOCACY SERVICES COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION; DIVISION OF MENTAL HEALTH AND ADDICTION; SECRETARY, INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION, in his official capacity; DIRECTOR, DIVISION OF MENTAL HEALTH AND ADDICTION, in his official capacity, <br><br> Defendants. | No. 1:22-cv-906 |

**Complaint for Declaratory and Injunctive Relief**

**Introduction**

1. In *Jackson v. Indiana*, 406 U.S. 715 (1972), the United States Supreme Court held that due process requires that a person who is imprisoned facing criminal charges and who is found not to have the capacity to stand "trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future." *Id.* at 738.

2. To comply with *Jackson*, Indiana has created a statutory procedure that provides

[1]

that once a person is found by a trial court not to have the capacity to stand trial, the person must be committed to the Division of Mental Health and Addiction, which is to provide competency restoration services or is to contract with a third party to provide these services. After 90 days a report is to be filed with the court as to whether competency can be restored and if there is not a substantial probability of competency restoration, civil commitment proceedings are to be initiated.

3. Although courts in Indiana regularly find persons to lack the capacity to stand trial and commit them to the Division of Mental Health and Addiction, the Division may refuse to assume immediate responsibility for their care, leaving the prisoners to languish in county jails, an inappropriate placement. At the current time there are at least 17 prisoners in the Marion County Jail who are committed to the Division for restoration services. However, the Division has failed to remove the persons from the jail or otherwise provide restoration services. Some of these prisoners have been held in the jail since prior to January 1, 2022. This experience is replicated in other jails in Indiana.

4. This indefinite confinement violates due process. The failure to timely provide restoration services also violates Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Appropriate declaratory and injunctive relief should issue.

**Jurisdiction, venue, and cause of action**

5. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

6. Declaratory relief is authorized by 28 U.S.C. §§ 2201, 2202 and by Rule 57 of the Federal Rules of Civil Procedure.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

8. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. It is also brought pursuant to 42 U.S.C. § 12133 and 29 U.S.C. § 794a(a)(2).

**Parties**

9. Indiana Protection and Advocacy Services Commission ("IPAS") is an entity, created under Indiana Code § 12-28-1-1, *et seq.*, pursuant to federal mandate and funded through federal monies, to represent, advocate for and protect the rights and interests of individuals with mental illness, developmental disabilities, and other disabilities. IPAS is the federally-mandated and state-designated Protection and Advocacy system ("P&A") for the state of Indiana, as that term is defined under the Developmental Disabilities Assistance and Bill of Rights Act ("DD Act"), 42 U.S.C. § 150141, *et seq.*, the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), 42 U.S.C. § 10810, *et seq.*, and the Protection and Advocacy of Individuals Rights Act ("PAIR Act"), 29 U.S.C. 794e, *et seq.* IPAS's offices are located in Indianapolis, Indiana. IPAS, as authorized by statute, oversees Indiana Disability Rights, the services arm of IPAS.

10. The Family and Social Services Administration is a state agency that is charged with, among other things, the provision of mental health services through the Division of

Mental Health and Addiction. It is a recipient of federal funding and is therefore subject to the requirements of the Rehabilitation Act. 29 U.S.C. § 794.

11.     The Division of Mental Health and Addiction is the sub-agency within the Family and Social Services Administration that is charged with the provision of mental health services. It is a recipient of federal funding and is therefore subject to the requirements of the Rehabilitation Act. 29 U.S.C. § 794.

12.     The Secretary of the Family and Social Services Administration is the duly appointed head of the agency that, among other things, is charged with providing mental health services through the Division of Mental Health and Addiction. The Secretary is sued in his official capacity pursuant to Rule 17(d) of the Federal Rules of Civil Procedure.

13.     The Director of the Division of Mental Health and Addiction is the head of the division that provides mental health services to persons in Indiana. The Director is sued in his official capacity pursuant to Rule 17(d) of the Federal Rules of Civil Procedure.

**Legal background**

14.     Indiana Code § 35-36-3-1 provides the procedure that a trial court in a criminal case is to follow if there are reasonable grounds to believe that the defendant lacks the capacity to understand the proceedings and to be able to assist in his or her defense.

15.     Under this procedure, if the defendant is determined not to possess the necessary capacity, the court

> shall delay or continue the trial and order the defendant to be committed to the division of mental health and addiction. The division of mental health

      and addiction shall provide competency restoration services or enter into a contract for the provision of competency restoration services by a third party in the:

          (1)    location where the defendant currently resides; or
          (2)    least restrictive setting appropriate to the needs of the defendant and the safety of the defendant and others.

*Id.*

16.    Within 90 days of the time that the defendant is admitted into a state institution for the provision of competency restoration services or these services are initiated by a third-party contractor, the court is to be informed as to whether the defendant has a substantial probability of restoration to competency within the foreseeable future. Ind. Code § 35-36-3-3(a).

17.    If this substantial probability does not exist, regular commitment proceedings must be initiated against the defendant. Ind. Code § 35-36-3-3(b).

18.    If a substantial probability does exist, the defendant is to be retained where they are until competency is restored or for six months from the date the defendant entered the institution or restoration services by a third-party contractor were initiated. Ind. Code § 35-36-3-3.

19.    If the defendant has not attained the ability to understand the proceedings and assist with their defense by that time, regular commitment proceedings must be initiated. Ind. Code § 35-36-3-4.

**Factual allegations**

20. Once a criminal court orders a person without the necessary capacity to stand trial to be committed to the Division of Mental Health and Addiction, the Division will file a "Confinement Authority/Cover Letter" indicating to which hospital the defendant will be sent for restoration services, although the Division can change this designation.

21. Even though restoration services need not be provided in an institutional setting, the Division usually places defendants into institutional settings.

22. The defendant will then have to wait in the county jail until a bed is available where the defendant can be sent for restoration services.

23. In Marion County, incompetent defendants do not receive mental health services designed to restore their competency while they remain in the Marion County Jail.

24. As of May 5, 2022, the Marion County Public Defender Agency had at least 18 clients who had been committed to the Division of Mental Health and Addiction for the provision of restoration services and for whom the Division had indicated that they would be placed in specific institutions.

25. However, these clients had not been placed as of May 5, 2022, because there was not sufficient space in the institutions.

26. One of the clients had been waiting since September 15, 2021 and 4 others had been waiting since before January 1, 2022.

27. The Marion County Public Defender Agency has identified 16 clients who were moved between December 15, 2021, and May 5, 2022, to either a state hospital operated

by the Division of Mental Health or to another facility after commitment to the Division following a finding that the client was incompetent to stand trial.

28. The average wait time between the date of the commitment order by the criminal court and the date of being moved to the state hospital was 121.4 days. Three defendants had to wait more than 200 days.

29. The Division of Mental Health and Addiction has grossly insufficient capacity to provide restoration services to those committed for those services.

30. The Division of Mental Health and Addiction has determined that persons charged with serious crimes who need restoration services must be sent to the Isaac Ray Unit at Logansport State Hospital, while other incompetent defendants may be sent to other institutions.

31. In an affidavit dated February 22, 2022, the director of the Division of Mental Health and Addiction stated that there are over 40 persons awaiting admission to Logansport State Hospital.

32. There are severe bed shortages in the other Division of Mental Health and Addiction institutions that provide restoration services and there are an inadequate number of operational community or facility-based restoration services with the capacity to meet the demand to timely provide the services to persons who have been found not to possess the capacity to stand trial and who have been committed to the Division of Mental Health and Addiction.

33. Because of this, prisoners must languish in the Marion County Jail where they do not receive services designed to restore their competency to stand trial.

34. This prolonged confinement without mental health services designed to restore competency is harmful to the prisoners.

35. On information and belief, other county jails in Indiana house defendants who have been committed to the Division of Mental Health and Addiction, but who remain in the jails because there are not sufficient placements and who do not receive competency restoration services.

36. The Family and Social Services Administration and the Division of Mental Health and Addiction have the obligation to ensure that mental health services designed to restore competency are provided when defendants are committed to their care and custody.

37. The defendants who have been found to not have the capacity to stand trial are in need of treatment and other services that they do not receive in county jails.

38. Holding the prisoners in county jails indefinitely because the defendants fail to maintain sufficient placements for restoration services causes injury to the prisoners who are denied necessary mental health services and who are held in legal limbo for extended periods of time.

39. Both the Indiana Family and Social Services Administration and the Division of Mental Health and Addiction are recipients of federal funding.

40. Congress, in passing the PAIMI Act and the DD Act, provided that protection and advocacy services, such as IPAS, have the authority to "pursue . . . legal . . remedies to ensure the protection of individuals with mental illness who are receiving care or treatment in the State." 42 U.S.C. § 10805(a)(1)(B) (PAIMI Act). *See also* 42 U.S.C. § 15043(a)(A)(i) (DD Act).

41. Protecting the rights of persons to receive restoration services as ordered by criminal courts is both germane to IPAS's purpose and consistent with the authority that has been vested in it by Congress.

42. IPAS therefore brings this action on behalf of the persons who have been determined to be lacking capacity to be tried in their criminal trials and who have been committed to the Division of Mental Health and Addiction for the provision of services to restore their competency or who will in the future be found incompetent and committed for the provision of these services by the Division of Mental Health and Addiction.

43. The prisoners who have been declared to be incompetent and are suffering indefinite confinement as noted above are being caused irreparable harm for which there is no adequate remedy at law as has IPAS which exists to protect their rights.

44. At all times defendants have acted and have failed to act under color of state law.

**Legal claims**

45. By failing to timely provide mental health services designed to restore prisoners

to competency, defendants Secretary of the Family and Social Services Administration and Director of the Division of Mental Health and Addiction have violated due process.

46. By failing to timely provide mental health services designed to restore prisoners to competency, defendants Family and Social Services Administration and the Division of Mental Health and Addiction have failed to provide reasonable accommodation of the prisoners' disabilities and has violated the Rehabilitation Act, 29 U.S.C. § 794.

47. By failing to timely provide the provision of mental health services designed to restore prisoners to competency, defendants Secretary of Family and Social Services Administration and the Director of the Division of Mental Health and Addiction have failed to provide reasonable accommodation of the prisoners' disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. § 12132, *et seq.*

**Request for relief**

WHEREFORE, plaintiff requests that this Court:

a. Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

b. Declare that defendants have violated the Constitution, Rehabilitation Act, and Americans with Disabilities Act for the reasons noted above.

c. Enter a preliminary injunction, later to be made permanent, requiring defendants to immediately place prisoners who have been committed to the Division of Mental Health and Addiction into appropriate placements where competency restoration services can be provided or to otherwise provide them with appropriate restoration services.

d. Award plaintiff its reasonable attorneys' fees and costs.

  e.  Award all other proper relief.

            Kenneth J. Falk
            Gavin M. Rose
            Stevie J. Pactor
            ACLU of Indiana
            1031 E. Washington St.
            Indianapolis, IN 46202
            317/635-4059
            fax: 317/635-4105
            kfalk@aclu-in.org
            grose@aclu-in.org
            spactor@aclu-in.org


            Thomas E. Crishon
            Samuel M. Adams
            INDIANA DISABILITY RIGHTS
            4755 Kingsway Dr., Suite 100
            Indianapolis, IN 46205
            317/722-5555
            fax: 317/722-5564
            tcrishon@indianadisabilityrights.org
            samadams@indianadisabilityrights.org

            Attorneys for Plaintiff